HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WILLIAM BLACKWELL MOUNT,

Plaintiff,

v.

UNITED STATES GOVERNMENT,

Defendant.

Case No. C06-5269RBL

ORDER DENYING PLAINTIFF'S VARIOUS MOTIONS

THIS MATTER is before the court on the following Motions: Plaintiff's Motion for Appointment of Counsel [Dkt. # 2], Plaintiff's Motion to Exempt VA Employees from Retaliation if they Testify [Dkt. #3]; Motion to Stop the VA from Retaliating [Dkt. #4]; Plaintiff's Motion for Mediation [Dkt. #5]; and Plaintiff's Motion Requesting that all medical records be considered by the court [Dkt. # 6]. Plaintiff has also subsequently renewed his Motion [Dkt. #13] to stop retaliation and written a series of letters outlining his various medical issues and concerns [Dkt. #s 14-18].

Pursuant to 28 U.S.C. § 1915(e)(1), the Court may request an attorney to represent any person unable to afford counsel. Under Section 1915, the Court may appoint counsel in exceptional circumstances. *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). To find exceptional circumstances, the court must evaluate the likelihood of success on the merits and the ability of the petitioner to articulate the claims *pro se* in light of the complexity of the legal issues involved. *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

ORDER
Page - 1

1  The Court has reviewed the record in this case and finds that plaintiff has not shown that he is likely to succeed on the merits of the case. Further, plaintiff is able to articulate his claims adequately. Therefore, plaintiff's Motion for Appointment of Counsel [Dkt. #2] is **DENIED**.

The remainder of Plaintiff's Motions seek relief that the court cannot practically grant. If and to the extent the plaintiff can allege and prove retaliation, that may be actionable in the future. But the court cannot prospectively address hypothetical retaliation, and the evidence of the same to date does not warrant relief. Plaintiff's Motions seeking preclusion of retaliation [Dkt. #s 3, 4, and 13] are **DENIED**.

The court cannot force the parties to settle the case, though there are rules (particularly Local Rule 39.1) regarding the parties obligations to, prior to trial, seek to resolve the case. Beyond that, the court cannot and will not seek to force a mediation at this stage of the case. The parties are of course encouraged to reach a resolution if possible. Plaintiff's Motion for Mediation [Dkt. # 5] is **DENIED**.

Finally, the admissibility of Plaintiff's various medical records will be addressed when they are submitted, either in connection with a substantive motion or at trial. Plaintiff's Motion for the consideration of medical records [Dkt. #6] is **DENIED** without prejudice.

DATED this 11th day of August, 2006

RONALD B. LEIGHTON
UNITED STATES DISTRICT COURT JUDGE

ORDER
Page - 2