HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WILLIAM BLACKWELL MOUNT,

Plaintiff,

v.

UNITED STATES GOVERNMENT,

Defendant.

Case No. C06-5269RBL

ORDER DENYING PLAINTIFF'S VARIOUS MOTIONS

This matter is before the court on the following motions filed by the plaintiff: Motion for Summary Judgment [Dkt. #s 22 and 24]; Motion for Sanctions [Dkt. #54]; Motion for Clarification [Dkt. #55] and an "Open" Motion [Dkt. 57] apparently seeking a ruling that "statutory laws, judicial laws, and Court Rules do not apply any longer."

The Plaintiff is pro se, and apparently has grave concerns and perhaps legitimate complaints about the treatment he has received (or, more accurately, not received) from the Veterans Administration. Despite his pro se status, Plaintiff is required to conduct himself as an attorney, and specifically to comply with the Federal Rules of Civil Procedure. The Defendant is similarly obligated to participate in the case within the spirit and the letter of the Rules, despite Plaintiff's pro se status and any difficulties arising from that status. Plaintiff's Motions for Summary Judgment, are based solely on the Defendant's failure to timely Answer his Compliant. However, the Rules (specifically Rule 55) provide that the proper procedure in such a case is to move for Default, and, pending proper proof, a Default Judgment. Plaintiff instead moved for Summary

Judgment under Rule 56, which is governed by an entirely different standard. Plaintiff has made no attempt to meet, and has not met, his burden of establishing that there are no genuine issues of material fact and that he is entitled to judgment as a matter of law, either as to liability or as to the amount of damages ($1.14 million) he seeks. Accordingly, his Motions for Summary Judgment [Dkt. #s 22 and 24] are DENIED.

Plaintiff also seeks sanctions against the Defendant under Rule 37. He argues without support that the Defendant has "committed fraud" and that it has violated Rules 26, 30, and 31. No affidavit or other evidence supports these claims, and no fraud or violation is apparent on the face of the Motion. The alleged fraud and violations are simply not described or apparent from the Plaintiff's motion. In the absence of any evidence or argument as to the violations, the court cannot and will not sanction the Defendant. Plaintiff also seeks "possible default" against the defendant, based presumably on the alleged violations. For the same reasons, Plaintiff's Motion for Sanctions is DENIED.

In the Motion filed at Dkt. #55, Plaintiff claims that the Defendant has violated prior court orders, the constitution, and various other laws, without legal citation or factual support whatsoever. He asks the rhetorical question, "You [the court] have been treated like a piece of dirt by the defendant, so what are you going to do about it?" It is, again, entirely unclear what the Plaintiff is complaining about, and what he seeks. The Motion, therefore, is DENIED.

Finally, Plaintiff has filed an "Open" Motion [Dkt. # 57] which repeats these (and asserts other) vague, broad and unsupported allegations. He disavows any intention to be "overbearing or obnoxious" but is bordering on just that. What the Court wants – and expects – the parties to do is to litigate this case within the Federal Rules of Civil Procedure, and to conduct themselves as officers of the court. Other than that, the Plaintiff's Motion is DENIED.

//
//
//
//
//
//

The parties will cooperate in the drafting and submission of a Joint Status Report by December 15, 2006. Following receipt of that required document, the court will schedule and hold a status conference to address any outstanding issues.

DATED this 1st day of December, 2006

*signature*

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE